# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD STANFIELD, SR.,<br><br>    Plaintiff,<br><br>    v.<br><br>K. YANG, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-cv-00980-DLB PC<br><br>ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER 42 U.S.C. § 1983<br><br>(Doc. 12)<br><br>DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 U.S.C. § 1915(g) |

**Order**

**I.      Background**

Plaintiff James Edward Stanfield ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on June 4, 2009. On October 14, 2009, the Court screened Plaintiff's complaint and found that it failed to state any cognizable federal claims. Plaintiff was granted leave to amend. Plaintiff filed his amended complaint on October 28, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

1

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 1949.

## II.     Summary of First Amended Complaint

Plaintiff appears to have been a pretrial detainee at the time he initiated this action. Plaintiff brings this action against defendants Floor Officer K. Yang, Sergeant M. Bagwell, Lieutenant J. Leon, and Sheriff Margaret Mimms. The events giving rise to this action occurred while Plaintiff was detained at the Fresno County Jail. Plaintiff alleges that on May 7, 2009, defendant Yang opened and read his outgoing letter to the Office of the Clerk at the United States District Court in Fresno. Plaintiff contends that the letter was confidential legal mail and that defendants violated his rights under the United States Constitution.

Plaintiff's claims is most appropriately analyzed under the First Amendment. Plaintiff alleges that his correspondence to the Court was read by jail staff prior to its mailing. As stated previously by this Court, the mere fact that prison officials open and conduct a visual inspection of a prisoner's legal correspondence does not state a claim for violation of a prisoner's constitutional rights. *See Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974). "Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998). "All correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files." *Id.* at 1094 (citing *Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987)).

Plaintiff's threadbare allegations are insufficient to show that his letter to the Court constitutes confidential legal mail. Mail addressed to the Court is typically filed into an action and are matters of public record. Plaintiff's allegation that the letter was to be sent to the Court does not by itself demonstrate that it was confidential legal mail and Plaintiff has not sufficiently alleged that defendant Yang violated any constitutional right by reading the letter. Given that Plaintiff has not sufficiently alleged any cognizable claims against defendant Yang, Plaintiff also fails to state a claim against defendants Bagwell, Leon, or Mimms based on a theory that these defendants failed to properly train the subordinates under his/her command on mail policies.

In addition, the United States Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. *Id.* at 1948-49.

### III.     Conclusion and Order

Plaintiff fails to state any cognizable federal claims against any defendants. Plaintiff was previously provided the opportunity to amend his complaint to cure the deficiencies identified, but did not. Given the deficiencies with Plaintiff's complaint, Plaintiff will not be given leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Based on the foregoing, it is HEREBY ORDERED that this action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **April 21, 2010**            /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE